1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    JAMES D. ADAMS,                              Case No.  14-cv-04483-KAW

                    Petitioner,
8
                                                  ORDER FOR RESPONSE TO
9         v.                                      EXHAUSTION ISSUE

10   JOHN HIROKAWA, Chief of Corrections,

11                  Respondent.[1]

12

13        Petitioner James D. Adams, a state prisoner incarcerated in the Santa Clara County Jail

14   ("SCCJ"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On

15   November 7, 2014, the Court issued an order for Petitioner to show cause why his petition should

16   not be dismissed for lack of exhaustion because it appeared, from the face of the petition, that

17   none of his claims had been presented to the California Supreme Court.  *See Rose v. Lundy*, 455

18   U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

19   The general rule is that a federal district court must dismiss a federal habeas petition containing

20   any claim as to which state remedies have not been exhausted.  *Id.*  District courts have discretion

21   to hold a mixed petition, that is, a petition that contains exhausted and unexhausted claims, in

22   abeyance pending exhaustion of the unexhausted claims.  *Rasberry v. Garcia*, 448 F.3d 1150,

23   1154 (9th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  But, a fully unexhausted

24   federal habeas petition may not be stayed and must be dismissed.  *Id.*

25        On November 17, 2014, Petitioner filed his response.  He argues that he is excused from

26

27   _____

     [1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure,
     the Clerk of the Court is directed to substitute Chief of Corrections John Hirokawa as Respondent
28   because she is Petitioner's current custodian.

United States District Court
Northern District of California

exhausting his claims under 28 U.S.C. § 2254(b)(1)(B), which provides that a petition may proceed without exhaustion if it appears that "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Petitioner argues that the state appeals and habeas processes are unavailable to him because of his claim that the trial judge committed judicial misconduct by coercing Petitioner to accept a plea and imposing an illegal sentence. Petitioner claims that the judge acted in retaliation against him because he named the judge as a defendant in a civil rights action. Petitioner states that this creates a conflict of interest between himself and the entire Santa Clara County judiciary, which alleviates the requirement that he pursue relief in the state courts.

At this stage in the proceedings and without a record from the state court, this Court cannot rule on Petitioner's argument that he is excused from exhausting his claims. The Court will serve the petition on Respondent so that he can respond to this argument with citations to the relevant sections of the state court record.

Petitioner also requests to proceed in his civil rights case, *Adams v. Santa Clara County Superior Court, et al.*, No. C 12-06276 YGR (PR), which was dismissed on October 30, 2013. If Petitioner wishes to proceed with his civil rights case, he must file a motion in that case, not in this habeas proceeding.

Petitioner also requests appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in

framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Because the exhaustion issue must first be resolved, it is unclear if the merits of the petition will be addressed.  Therefore, appointment of counsel at this point is unwarranted.  In the event the exhaustion issue is decided in Petitioner's favor and an evidentiary hearing is required to resolve the merits of the claims, the Court will appoint counsel on its own motion.  *See Knaubert*, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's requests for appointment of counsel and to proceed with his civil rights case are denied.

2. The Court declines to rule on Petitioner's argument that he is excused from exhausting his petition at this time.

3. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the County Counsel of Santa Clara County.  The Clerk also shall serve a copy of this Order on Petitioner at his current address.

4. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds addressing exhaustion of state remedies, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an opposition.  If the Court concludes that Petitioner may proceed on the merits of his claims, it will issue a briefing schedule at that time.

United States District Court
Northern District of California

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

7. Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction within thirty days from the date of this order.  The Clerk of the Court shall send Respondent a form to indicate his consent or declination.

**IT IS SO ORDERED**.

Dated: February 4, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4